## IN THE U.S. DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| **FAMILY MEDICINE PHARMACY, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| | ) | _____ |
| | ) | |
| **LIFESCAN, INC.** | ) | **JURY DEMAND** |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## CLASS ACTION COMPLAINT

**COMES NOW**, Family Medicine Pharmacy (hereinafter "Plaintiff" or "Family") and files this class action against Lifescan, Inc. (hereinafter "Defendants"), seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 221, as amended by the Junk Fax Prevention Act of 2005 (hereinafter "the Act"), and allege the following:

## I. PARTIES

1.  Plaintiff Family is a limited liability company organized and validly existing under the laws of Alabama, receives facsimiles (faxes) via its fax machine, and is located in Clarke County, Alabama.

2.    Defendant Lifescan Inc. ("Lifescan") is a foreign corporation doing business in the state of Alabama, is registered with the Alabama Secretary of State to conduct business in Alabama, is engaged in the business of selling medical devices in Alabama, and sent a fax to Plaintiff advertising its products.

## II.  JURISDICTION AND VENUE

3.    This Honorable Court has jurisdiction over the subject matter of the federal claims asserted herein pursuant to 28 U.S.C. §1331 (federal question), and pursuant to the Act.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

5.    Defendant has purposely availed itself of this Honorable Court by conducting activities in this forum - namely sending unsolicited faxes to Plaintiff and to putative class members.

## III.    LEGAL BACKGROUND

6.    In 2005, the Junk Fax Prevention Act was signed into law, and served to amend the Telephone Consumer Protection Act of 1991, to prohibit fax transmissions containing unsolicited advertisements.

7.    Specifically, the Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States

8.    An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

9.    It is unlawful to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States where said advertisement fails to provide the recipient with a cost-free mechanism to opt out of receiving said transmissions in the future. 47 U.S.C. §227(b)(1)(C)(iii).

10.    In 2006, the Federal Communications Commission implemented regulations defining the "sender" of a fax to be anyone on whose behalf a fax as sent.  *See Arkin v. Innocutis Holdings, LLC*, 188 F.SUpp.3d 1304, 1309-1310 (M.D. Fla. 2016).  This is a strict liability standard.  *Id.*

11.    The Act provides a private right of action to enforce its provisions.  47 U.S.C. §227(b)(3).

## IV.  FACTUAL ALLEGATIONS

12.    Defendant Lifescan is engaged in a scheme to promote its products through the transmission of thousands of unsolicited facsimiles throughout the country, including to telephone facsimile machines located in the State of Alabama, in an intentional and persistent course of conduct, to Plaintiff and the putative class members.

13.    Pursuant to that scheme, Defendant faxed an advertisement to Plaintiff on November 4, 2020 advertising its "One Touch Verio brand meter" without an established business relationship with Plaintiff and without the required opt out notice.  A true and correct copy of that facsimile is attached hereto as Exhibit A [November 4, 2020 fax from Lifescan to Family Pharmacy].

14.    Defendant's activities, directed to Plaintiff's facsimile machines and other facsimile machines nationally, have violated certain provisions of the TCPA.

15.    As a result of Defendants' unlawful issuance of facsimiles to Plaintiff and putative class members, Plaintiff and putative class members have suffered actual harm and damages, in addition to statutory damages, as the conduct has intruded upon and occupied the capacity of their facsimile machines, depriving them of use of said machines, and forcing them to unnecessarily expend funds for paper and ink.

## V.  PLAINTIFF'S CLASS ALLEGATIONS

16.    Plaintiff brings this action pursuant to Fed.R.Civ.P. 23(b)(2) and (b)(3) on behalf of itself and a Class of similarly situated individuals, defined as follows:

> Any and all individuals and entities, who or which, from 2016 to the present, received one or more unsolicited advertisements via facsimile from defendants(s) without the required opt out notice.

17.    The members of the Class are so numerous that joinder of all members is impracticable.

18.    As of this time, the exact number in the Class is unknown but, according to information and belief, there would be more than one thousand.

19.    The Plaintiff's treatment by the Defendants is typical of the members of the Class. Specifically, the Plaintiff is a recipient of unsolicited advertisements from the Defendants.

20.    The Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel who are competent and experienced in class litigation. The Plaintiff has no interests that are adverse or antagonistic to the Class.

21.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the statutory damages suffered by many Class members may be small (namely $500 per occurrence), the expense and burden of individual litigation makes it virtually impossible for the Class

members individually to seek redress for the wrongful conduct alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk faxing", as documented in the legislative record, is realized through the class action mechanism in this matter.

22.    Common questions of law or fact exist as to all members of the Class, and predominate over any questions that only affect individual members of the Class. Among the questions of law or fact common to the Class are:

a.    Whether Defendant is in violation of the Act?

b.    Whether Class members were sent  unsolicited advertisements via facsimile?

c.     Whether said facsimiles failed to provide the required opt-out notice?

23.    The Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

24.    Notice can be provided to the Class members via First Class U. S. mail, notice by publication, e-mail notice, or other appropriate means as may be directed by the Court.

## COUNT I
## DEFENDANT'S VIOLATION OF THE
## THE ACT- UNSOLICITED FACSIMILES

25.    The Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

26.    Defendant did not have an Established Business Relationship, as that term is defined by the Federal Communications Commission or in Act, with Plaintiff. A true and correct copy of the one of the type of Unsolicited Facsimiles sent by Defendant is annexed hereto, and incorporated herein, as Exhibit A.

27.    Said transmission of the Unsolicited Facsimiles, as provided in Exhibit A, were made without the consent of the Plaintiff, and without the assent of the putative class members.

28.    According to information and belief, Defendants' facsimile machines, computers, and other devices are utilized to send unsolicited and unauthorized promotions to putative class members across the United States to secure leads for future business within the United States, including within the State of Alabama.

29.    As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C-§227(b)(3).

30.    Defendant's actions, and/or those of their agents, have shown that Defendant(s) willfully or knowingly violated the TCPA. As such, Plaintiff and putative class members are entitled to treble statutory damages pursuant to 47

U.S.C. §227(3)(c). Plaintiff and putative class members are also entitled to the creation of a Defendant-funded and Court-supervised, whether by the Court or a master appointed thereby, monitoring and compliance mechanism to ensure Defendants' compliance with the Act.

## COUNT II
## DECLARATORY JUDGMENT

31.     Defendant has engaged in the practice of sending or causing to be sent unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine owned and controlled by Plaintiff and others similarly situated.

32.     There is a substantial and continuing controversy between Defendant and Plaintiff, and all others similarly situated, and a declaration of rights is both necessary and appropriate as to whether or not Defendant's faxes violate the Telephone Consumer Protection Act, and regulations and rules enacted thereunder.

## COUNT III

## INJUNCTION

33.     Defendant's practice of sending, or causing to be sent, unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine, computer, or other device owned and controlled by Plaintiff, and other similarly situated individuals and/or entities, will continue to

cause Plaintiff and others similarly situated to be damaged by causing the computer, facsimile machine, or other device to be rendered unavailable for legitimate business messages or facsimiles, to cause Plaintiff and others similarly situated to waste time reviewing Defendant's unsolicited advertisement, as well as wasting materials of Plaintiff and others similarly situated, such that final injunctive relief prohibiting Defendant's practice of sending, or causing to be sent, unsolicited advertisements is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully prays that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

A. Certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

B. Declare that the Defendant's practice of sending unsolicited facsimiles to telephone facsimiles nationwide is in violation of the Act;

C. Award to the Plaintiff and putative class members damages under the Act, or other such applicable laws;

D. Award to the Plaintiff and putative class members the cost of this matter, including reasonable attorneys' fee;

E. Issue a permanent injunction enjoining the Defendant from sending facsimiles in a nature which is violative of the Act; and

F. Award to the Plaintiff and the putative class members such other, further and more general relief, as the Court may deem appropriate under these circumstances.

Respectfully submitted this the 10th day of November, 2020.

Respectfully submitted,

/s/ James McFerrin
One of the Attorneys for Plaintiff,
Family Pharmacy.

**OF COUNSEL:**
JAMES MCFERRIN
MCFERRIN LAW FIRM, LLC
3117 Manitou Lane
Birmingham, AL 35216
Telephone: 205-637-7111

/s/ Matt Carroll
One of the Attorneys for Plaintiff,
Family Pharmacy.

Matt Carroll
JOHNSTONE CARROLL LLC
2204 Lakeshore Drive, Suite 303
Homewood, Alabama 35209
Telephone:  205-383-1372

**JURY DEMAND**

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY FOR ALL CLAIMS SO TRIABLE.

s/ Matt Carroll
One of the Attorneys for Plaintiffs

# EXHIBIT A

# [Facsimile from Lifescan, Inc. to Family Pharmacy]

# Choose the OneTouch Verio® brand meter that's right for your patient at no charge

OneTouch® is a preferred* brand on BCBS of Alabama - Medicare Advantage, Effective January 1, 2021



OneTouch Verio Flex®

OneTouch Verio Reflect®

OneTouch® brand meters are designed to make testing easy and help you manage your diabetes.

✓ Simple two step testing

✓ ColorSure® technology instantly shows when your results are in or out of range

✓ Connect to the OneTouch Reveal® mobile app for even more insights

---

Bill your patient's Insurance for a OneTouch Verio Reflect® or Verio Flex® meter. If they have an out of pocket cost, use this voucher.

OneTouch Verio Reflect® or Verio Flex® meter

BIN: 601341   RxPCN: OHS   Group ID#: LVUMV384   ID#: NOCHARGEMETR

- Submit this claim to OptumRx℠ for reimbursement plus a dispensing fee. Questions? Call 1-800-364-4767
- **Requires a valid prescription.** Offer valid for one meter per patient every 12 months.
- Offer good while supplies last. Void where prohibited by law.
- This offer from LifeScan, Inc. can only be redeemed where OneTouch® products are sold and prescriptions can be processed
- By participating in this program or by otherwise processing a program voucher, you warrant that you will not submit a claim for reimbursement of any meter covered by this agreement with any commercial payor or state or federal government funded program (including but not limited to Medicare, Medicare Advantage, Medicaid, Medigap, VA DOD, or TriCare®)
- Offer expires 03/31/21

---



every touch is a step forward®

Treatment decisions should be based on current numerical result and healthcare professional's recommendation.
This offer from LifeScan, Inc. can only be redeemed where OneTouch® products are sold and prescriptions can be processed
The Bluetooth® word mark and logos are registered trademarks owned by Bluetooth SIG, Inc., and any use of such marks by LifeScan Scotland Ltd. or its affiliates is under license
Other trademarks and trade names are those of their respective owners.
* **Preferred:** For most plans, products that are usually covered at the lowest co-payment or co-insurance.

© 2019 2020 LifeScan IP Holdings, LLC US OTB 1900039 10/20